## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MILFORD PLAZA ENTERPRISE LLC, )
)
Plaintiff, )
)   C.A. No. N20C-08-137 CEB
v. )
)
DANIEL GARY WHITE & SAW MILL )
RANGE LLC, )
)
Defendants. )

Submitted: January 20, 2021
Decided: April 30, 2021

*On Defendant's Motion to Dismiss*
**DENIED.**

## **ORDER**

This 30th day of April 2021, the Court makes the following findings in denying the motion of Defendant Daniel Gary White ("Defendant White") to dismiss the Complaint:

1.    This is an action brought by Plaintiff Milford Plaza Enterprise LLC, claiming default of the Lease Agreement between Plaintiff and Defendants White and Saw Mill Range LLC ("Saw Mill").  Plaintiff alleges Defendants failed to pay rent and associated charges, resulting in damages totaling $31,844.25 plus accruing rent, taxes and associated fees.

2.    On February 26, 2012, Plaintiff and Defendants entered into a Lease Agreement for a unit at the Milford Plaza Shopping Center to use as a Sears

1

Appliance Store. The "Tenant," according to the Lease, was "Daniel Gary White t/a Saw Mill Range, LLC."[1] The Lease was executed by Tenant Sears Appliance Store, "Daniel Gary White – Principal."[2]

3. In his Motion to Dismiss, Defendant White argues that he is not individually a party to the lease. Defendant White claims he acted on behalf of Saw Mill, and as such, there is no factual basis set forth in Plaintiff's complaint to support a claim against Defendant White individually.

4. In a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6), the Court accepts all factual allegations as true in a light most favorable to the plaintiff.[3] If it is possible for the plaintiff to recover under *any* reasonable set of circumstances presented from the complaint, the motion must be denied.[4]

5. Under Restatement (Third) of Agency, §7.01, "unless an applicable statute provides otherwise, an actor remains subject to liability although the actor acts as an agent or employee, with actual or apparent authority, or within the scope of employment."[5] While one of the benefits of creating a corporation or limited

---

[1] Compl. Ex. A, at 17.
[2] *Id.* at 21.
[3] *Williams v. Newark Country Club*, 2016 WL 6781221, at *1 (Del. Super. Nov. 2, 2016); *see Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Hldgs., LLC*, 27 A.3d 531, 535 (Del. 2011).
[4] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[5] Restatement (Third) of Agency, § 7.01; *cf. Hughes v. Imperial Home Remodeling, LLC*, 2018 WL 2264413, at *1 (Del. Super. May 17, 2018).

2

liability company is the avoidance of personal liability, Defendant White made no attempt to identify himself as a mere agent of the Saw Mill entity. The identification of himself as "t/a" – or "trading as" – merely fulfills the legal requirement that he identify any trade names under which he is doing business.[6] Indeed, rather than identifying himself as an agent, the identification arguably identifies Saw Mill as an agent of White – the "Principal" identified in the execution line of the Lease.

6. Moreover, Defendant White may be held personally liable as a guarantor under this Lease even if he were deemed the agent of Saw Mill.[7] The lease states that "If Tenant shall consist of more than one person or if there shall be a guarantor . . . , then the liability of all such persons, including the guarantor, if any shall be joint and several . . . and the word 'Tenant' . . . shall be deemed to mean any one of such persons."[8] Because this is Defendant's motion to dismiss, the Court must read the complaint in a light most favorable to Plaintiff. When so read, the Plaintiff's allegations state reasonably conceivable claims that the lease contains

---

[6] 6 *Del. C.* § 3101.

[7] *See Chestnut Hill Plaza Hldgs. Corp. v. Parkway Cleaners, Inc.*, 2011 WL 1885256, at *4 (Del. Super. May 17, 2011) (denying 12(b)(6) motion when agreement states guarantors are jointly and severally liable for lease obligations because it was conceivable that plaintiff could support a claim that Defendants assumed individual liability); *Falco v. Alpha Affiliates, Inc.*, 1997 WL 782011, at *7 (D. Del. Dec. 10, 1997) (denying 12(b)(6) motion when defendant signed the lease with his name, the word "individually," and his social security number on the guaranty signature line because it was sufficient as guarantee-type language in the written contract).

[8] Compl. Ex. A, at 17.

guarantee language and is signed by Defendant White, who is individually liable for the debts of Saw Mill.

7.      The Court could have this all wrong: the conduct of the parties, the specific negotiations of the Lease and nomenclature identifying the parties may have been well understood but poorly articulated in the Lease agreement itself.  This would give rise to plenty of argument over the parol evidence rule and the like.  But we are considering here a motion to dismiss the Complaint – every conceivable reading of the facts and the Lease must be read in a light favoring the Plaintiff and its complaint.  As such, the Court is duty bound to sustain the Complaint and permit the parties to take discovery and prove up their respective arguments.

8.      For the foregoing reasons, Defendant White's Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**

Charles E. Butler, Resident Judge